O’Neall, J.
The plaintiff in declaring in this case, (which was an action or slander,) gave a wrong description of a case *n w^ich he had been sworn, and in which the defendant al-lodged that he had sworn falsely. On the trial of another case this plaintiff v. John S. Hutchinson, the mistake was discovered; this case was then continued, and after the continu-anee granted, a motion was made tor leave to amend by cor. recting the mistake and adding new counts. The presiding judge refused the motion, and this is a motion to reverse his dPC;g;on «vLtóiuu»
Amendments are in the discretion of the Court; but they are to be granted or refused, on something like fixed general princi-P^es’ Generally the plaintiff or defendant is entitled to amend in form or substance, on paying costs, if such amendment not delay or surprize the other party. In matters of form, an amendment can only be permitted on the terms which I have stated, and also where the previous parts of the record afford something to amend by; but in matters of substance, the amendment must oj course conform to the facts, and as to themf previous parts of the record can generally be no guide. This explanation of the rule becomes necessary from the case of Jenkins u. John S. Hutchinson, decided at last Term, in which the judge refused leave to amend, and his decision was affirm, cd by this Court. In that case, however, the motion to amend was made pending the trial, and according to Glenn v. M’Cullough, 2 M’C. 212, could not be granted.
In Cates v. Cureton, State Rep. 400, an amendment was allowed although there had been a general demurrer and join- *627 der in demurrer. The only pre-requisite to the allowance of the amendment, which was an additional count in that case, was that the case could not be tried at the Term at which the motion to amend was made.
Henry and Bolo, for the motion.
Irby, contra.
In Philips v. M’Master, 2 Con. Rep. by Mill, 261, a mistake had been made in an action of slander by substituting John for William, as the defendant, in all the parts of the declaration except the recital of writ; it was held that the plaintiff was entitled to amend. In that case Judge Cheves, with his accustomed clearness, states and explains the rule. He says “ a motion to amend, like other motions is one which under peculiar circumstances the Court may grant or refuse in its discretion. The motion to bring on a cause for trial may be refused. The discretion in the two cases where the action is within the rules of law, and the accustomed rules of practice, is pretty much the same. In both, the motion is generally a matter of right. In neither, is it ordinarily a matter of favor; such motions are not and ought not to be refused on the merits of the case — the merits ought not to be tried on such occasions or in such form.”
In the case under consideration the trial had been postponed, and neither delay nor surprise could result from the amendment. The plaintiff was entitled to amend by paying the costs of the amendment.
The motion to reverse the decision of the judge below is granted, and the plaintiff on paying the costs of the amendment, (if any there be) is permitted to amend his declaration by striking out of the colloquium where it describes the suit before Esq. Gregory, the word “ Robert,” and inserting in its place the words “ John S.,” and that he also have leave to add one or more new counts, on the same slander already declared upon.
Johnson and Harper, Js. concurred.